UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANNY HOMOLA                                                    CIVIL ACTION

VERSUS                                                          NO. 21-203

DUSTIN BICKHAM, WARDEN                                          SECTION: "T"(3)

REPORT AND RECOMMENDATION

Petitioner, Danny Homola, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that his application be **DISMISSED WITH PREJUDICE**.

On March 31, 2008, petitioner pleaded guilty to one count of attempted forcible rape (Count 1), two counts of molestation of a juvenile (Counts 2 and 3), and one count of forcible rape (Count 4) under Louisiana law. On that same date, he was sentenced as follows: twenty years on Count 1; fifteen years on each Count 2 and Count 3; and thirty years on Count 4. It was ordered that those sentences be served concurrently and that the first two years of the sentence on Count 4 be served without benefit of probation, parole, or suspension of sentence.[1]

In 2016, petitioner filed a "Motion for Clarification of Sentence" with the state district court.[2] That motion was denied on April 7, 2016.[3]

In 2019, petitioner filed an application for post-conviction relief with the state district court,[4] which was denied on May 15, 2019.[5] He also filed a motion for reconsideration,[6] which was denied on September 11, 2019.[7] His related writ applications were then likewise denied by

---

[1] State Rec., Vol. 1 of 3, transcript of March 31, 2008; State Rec., Vol. 1 of 3, minute entry dated March 31, 2008.
[2] State Rec., Vol. 1 of 3.
[3] State Rec., Vol. 1 of 3, Order dated April 7, 2016.
[4] State Rec., Vol. 1 of 3.
[5] State Rec., Vol. 1 of 3, Order Dismissing Application for Post-Conviction Relief.
[6] State Rec., Vol. 1 of 3.
[7] State Rec., Vol. 1 of 3, Order dated September 11, 2019.

the Louisiana First Circuit Court of Appeal on January 16, 2020,[8] and the Louisiana Supreme Court on October 6, 2020.[9]

On January 25, 2021, petitioner filed the instant federal application seeking habeas corpus relief.[10] The state filed a response arguing that the application was untimely.[11] Petitioner was afforded an opportunity to file a reply,[12] but no reply was filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[8] State v. Homola, No. 2019 KW 1351, 2020 WL 261814 (La. App. 1st Cir. Jan. 16, 2020) ("WRIT DENIED. See La. Code Crim. P. art. 930.8(A)."); State Rec., Vol. 2 of 3.
[9] State v. Homola, 302 So. 3d 524 (La. 2020) ("Denied. The application was not timely filed in the district court, and applicant fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189."); State Rec., Vol. 3 of 3.
[10] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his application was placed in the prison mailing system on January 25, 2021. Rec. Doc. 1, p. 10.
[11] Rec. Doc. 8.
[12] See Rec. Doc. 4, p. 2.

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In its response, the state argues that Subsection A is controlling in the instant case,[13] and petitioner does not argue otherwise. Regarding that subsection, the United States Fifth Circuit Court of Appeals has explained:

>    The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). **However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."** Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>    Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. **As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.** See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

Here, petitioner pleaded guilty and was sentenced on March 31, 2008.[14] Under Louisiana law, he then had thirty days in which to file an appeal. See La. Code Crim. P. art. 914. Because he filed no such appeal, his state criminal judgment became final for the purposes of this federal proceeding no later than April 30, 2008. Accordingly, his period for seeking federal habeas corpus

---

[13] Rec. Doc. 8, p. 8.
[14] State Rec., Vol. 1 of 3, transcript of March 31, 2008; State Rec., Vol. 1 of 3, minute entry dated March 31, 2008.

relief commenced on that date and then expired one year later on **April 30, 2009**, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner filed no such state applications during the applicable one-year period, so he clearly is not entitled to statutory tolling.[15]

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is also subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Indeed, the Supreme Court held that "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks

---

[15] Although petitioner subsequently filed a "Motion for Clarification of Sentence" in 2016 and a post-conviction application in 2019, those filings did not toll the federal limitations period because it had already expired. State court applications filed after the expiration of the federal limitations period are of no consequence for tolling purposes. Simply put: once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).
    The Court also notes that petitioner filed motions seeking transcripts and other documents. However, those motions have not been recounted or considered herein because they are immaterial to the timeliness calculations for two reasons. First, they, too, were not filed until long after the federal limitations period expired. Second, in any event, such motions seeking records are not considered applications "for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence whatsoever demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

By entering his unconditional guilty pleas, petitioner has already conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted. Therefore, even if McQuiggin applies in the context of a guilty plea, he would face a daunting burden to present a credible "actual innocence" claim. Specifically, the United States Supreme Court has explained: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324. Here, although petitioner contends that he is innocent, he has presented no new evidence whatsoever in support of that contention. Accordingly, he has not

met "the threshold requirement" for McQuiggin to apply. McQuiggin, 569 U.S. at 386. As a result, the "actual innocence" exception does not aid him.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than **April 30, 2009**, in order to be timely. Because his federal application was not filed until **January 25, 2021**, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Danny Homola be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __27th__ day of October, 2021.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**